IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-09-848-2 |
| v. | § | (C.A. No. C-11-23) |
| | § | |
| ALAN DOBBINS, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Alan Dobbins' (Dobbins) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum. D.E. 128.[1] The government filed a motion to supplemental the record and its response. D.E. 130, 132. Dobbins has not filed a reply. For the reasons set fort herein, the Court DISMISSES Dobbins' § 2255 motion and also DENIES him a Certificate of Appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1] Docket entry references are to the criminal case.

1

## II.   FACTUAL BACKGROUND

**A.     Criminal Offense**

Dobbins was arrested for attempt to export stolen vehicles based upon his involvement in the theft and attempted transport to Mexico of multiple stolen vehicles. The vehicles were stolen in late August 2008. D.E. 1, 30.

**B.     Criminal Proceedings**

Dobbins was indicted in September 2009 with four others in a two-count indictment that charged attempt to export stolen vehicles in violation of 18 U.S.C. § 553(a) and (2) and charged another member of the conspiracy with felon in possession of a firearm. D.E. 1. Dobbins made his initial appearance before a federal Magistrate Judge in October 2009 and was appointed counsel. D.E. 36, 42. At the time of his arrest, Dobbins was in state custody. D.E. 35. Dobbins was arraigned on October 29, 2009. Minute Entry October 29, 2009.

Dobbins was rearraigned on November 30 and December 1, 2009, at which time he pled guilty without a plea agreement. D.E. 114 at 17-18. Probation was ordered to prepare a Presentence Report (PSR). D.E. 76.

The PSR calculated Dobbins base offence level for violation of 18 U.S.C. § 553(a) at 6. D.E. 86. at ¶ 22. Eight points were added based upon the value of the stolen vehicles over $70,000, 2 points were added because the offense involved an organized scheme, and another 2 points were added because of the possession of a firearm during the offense. Id. at ¶¶ 23. 24, 25. After subtraction of 3 points for acceptance of responsibility, Dobbins' total offense level was 15.

Dobbins had a lengthy criminal history. Id. at ¶¶ 34-50. Dobbins' criminal history points totaled 20 resulting in application of criminal history category VI. Paragraph 50 of the PSR reflected that in May 2008, Dobbins pled guilty to four counts of felony theft in the 357th District Court in Brownsville, Texas, for which he received 5 years imprisonment, suspended for seven years probation. Id. at ¶ 50. The PSR did not mention restitution as part of that criminal judgment. Dobbins' sentencing range was 41-51 months. Id. At ¶ 66. The PSR also calculated mandatory restitution to the victims of the offense in the amount of $19,715.32. Id. at ¶¶ 76, 78-82.

During sentencing, Dobbins never mentioned that his state court judgment imposed restitution. The only mention of restitution was his counsel's request that Dobbins begin to pay restitution once he completed his sentence of imprisonment. D.E. 116 at 6. The Court sentenced Dobbins to 45 months in the Bureau of Prisons to be served concurrently with any revocation of Dobbins' probation arising out of his Brownsville theft conviction, 3 years supervised release, a $100 special assessment, and restitution required by law in the amount of $19,715.32. Id. at 11-12. The restitution was joint and several for all defendants in the case. Id. at 14. The Court advised Dobbins of his right to appeal, which he testified he understood. Id. at 15. Judgment was entered on the docket on February 16, 2010. D.E. 96.

Dobbins timely filed his notice of appeal. D.E. 106. The appeal was dismissed on his motion on December 28, 2010. D.E. 127-1.

Dobbins filed his motion to vacate on January 28, 2011. The government does not challenge the timeliness of Dobbins' motion.

### III. MOVANT'S ALLEGATIONS

Dobbins asserts a single claim in his motion to vacate, that this Court's order of restitution violated the Double Jeopardy clause of the United States Constitution.

### IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.     Procedural Bar of Cause and Prejudice**

Dobbins did not raise the double jeopardy issue on direct appeal and based upon the record before this Court at the time of sentencing, such a claim likely would have been futile

4

as there was no evidence that Dobbin's conviction in Brownsville included restitution. Dobbins does not complain that counsel was ineffective for failing to obtain a copy of the judgment which would have resolved the issue, nor does Dobbins bring forward a copy of such an order in his motion to vacate. Dobbins has not shown cause for his failure to pursue this issue on direct appeal as required to proceed. See Pierce, 959 F.2d at 1301. Under the circumstances, Dobbins' motion to vacate must be dismissed.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dobbins has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented

deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Dobbins is not entitled to a COA on his claim. That is, reasonable jurists could not debate the Court's resolution of his claim, nor does the issue deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Dobbins' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 128) is DISMISSED WITH PREJUDICE and he is also DENIED a Certificate of Appealability.

It is so ORDERED this 14th day of November  2011.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE